TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00418-CV






Office of Public Utility Counsel, State of Texas, and Cities

of Abilene and Vernon, Appellants


v.


Public Utility Commission of Texas and Mutual

Energy WTU, LP, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. GN203585, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 The Office of Public Utility Counsel, the State of Texas, and the Cities of Abilene
and Vernon appeal from the district court's judgment affirming the decision of the Public Utility
Commission in this ratemaking proceeding concerning the adjustment of the fuel-factor portion of
the price-to-beat of Mutual Energy WTU, LP. Appellants raise several issues that we have discussed
and resolved in favor of the district court's affirmance of the Commission's decision in Cities of
Alvin v. Public Utility Commission, No. 03-03-00386-CV (Tex. App.--Austin Aug. 26, 2004). 
There are some factual differences between that case and this one due to the differences in the parties
involved; for example, the ten-day market period measured differs, the percentage increase in the
fuel factor differs, and the appellant cities request different amounts of expenses be reimbursed. But
the issues raised are essentially the same; indeed, some parties have filed identical or nearly identical
briefs in the two cases. Accordingly, the discussions and resolutions of the issues raised in Cities
of Alvin apply to the issues raised in this appeal.

 Appellants in this case also challenge the district court's refusal to allow discovery
regarding the energy and gas purchase contracts of Mutual Energy WTU, LP. We review discovery
rulings by the Commission for an abuse of discretion. Southwestern Bell Tel. Co. v. Public Util.
Comm'n of Tex., 31 S.W.3d 631, 640 (Tex. App.--Austin 2000), aff'd sub nom. Cities of Austin,
Dallas, Ft. Worth & Hereford v. Southwestern Bell Tel. Co., 92 S.W.3d 434, 446 (Tex. 2002). 
Appellants state that they wanted this evidence to better illustrate the market prices of gas and energy
and the adequacy of the existing fuel factor. We have determined that the Commission acted within
its discretion by adopting the NYMEX index as the sole measure of the market price of gas and
energy and that the provider's actual contract prices paid for gas and energy do not illuminate the
market price. See Cities of Alvin, slip op. at 17-21. The Commission did not err and appellants were
not harmed by the prohibition of discovery into this area.

 We conclude that appellants have not shown error in this case. We affirm the district
court's affirmance of the Commission's decision.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: August 26, 2004